UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSELYN CARMEL ROSE LEE,<br><br>    Plaintiff,<br><br>    v.<br><br>SESSIONS,<br><br>    Defendant. | Case No. 18-CV-06717-LHK<br><br>**ORDER DISMISSING LAWSUIT WITH PREJUDICE**<br><br>Re: Dkt. No. 6 |

On November 5, 2018, Plaintiff Joselyn Carmel Rose Lee ("Plaintiff"), proceeding pro se, filed a Complaint against Defendant Sessions, Attorney General. ECF No. 1 ("Compl."). On November 5, 2018, Plaintiff also filed a motion for leave to proceed in forma pauperis. ECF No. 2 ("IFP Mot.").

On November 9, 2018, the Court denied Plaintiff's IFP Motion and dismissed Plaintiff's Complaint with leave to amend. ECF No. 6. As the Court explained, the federal in forma pauperis statute permits a court to authorize the commencement of a suit without prepayment of the filing fee required by the clerk of court if the plaintiff submits an affidavit of poverty showing that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). However, a court may deny a plaintiff leave to proceed in forma pauperis if it determines "from the face of the

1

Case No. 18-CV-06717-LHK
ORDER DISMISSING LAWSUIT WITH PREJUDICE

proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). Although the Court concluded that Plaintiff in the instant case had demonstrated her inability to pay the required fee, the Court also concluded that Plaintiff's Complaint is frivolous on its face. ECF No. 6 at 2.

First, Plaintiff's Complaint is cast as a petition for habeas corpus. *See* Compl. at 1 (opening Complaint with line, "I, Joselyn Carmel Rose Lee, petitioner of Habeas Corpus"). Later in Plaintiff's Complaint, Plaintiff cites 28 U.S.C. § 2254 and characterizes her Complaint as an "Emergency Habeus Corpus petition." *Id.* at 7. To the extent Plaintiff wishes to bring a habeas corpus claim, Plaintiff fails to allege that she is in the custody of a state court. The address listed on her Complaint is not a correctional facility. *See id.* at 1. Only "a person in custody pursuant to the judgment of a State court" may apply for a writ of habeas corpus under 28 U.S.C. § 2254.

Second, the gravamen of Plaintiff's Complaint appears to be that she "was discriminated against because I am Chinese American, and my rights to attend Christian Church was abrogated." Compl. at 1. Plaintiff also alleges that the events in question occurred in South Carolina at some unspecified time. Compl. at 1. Plaintiff appears to allege an equal protection violation. *See id.* at 7 (alleging that "A violation of Equal Protection exists as a 'fruit of the poison tree' category of violation arising from racist discrimination"). Then, Plaintiff discusses the Obama Administration and alleges that "[t]he Obama Administration depended on sex addictions it targeted the world to create" and "Obama, for no cause other than pure intention to cover up his historic racist hate crimes, corruption, impugned the patriotism, integrity, and trustworthiness of myself and my late father." *Id.* at 4–5. However, Plaintiff names only "Sessions, Attorney General"[1] as a defendant, but Plaintiff's Complaint includes no factual allegations relating to Sessions—let alone any allegation that Sessions was involved in the South Carolina events or the alleged government conspiracies. Plaintiff's failure to allege any connection to events in California or a California defendant leads the Court to question whether Plaintiff's Complaint confers the Court with

---

[1] The Court presumes that Plaintiff sues former United States Attorney General Jefferson Sessions.

2
Case No. 18-CV-06717-LHK
ORDER DISMISSING LAWSUIT WITH PREJUDICE

1 | jurisdiction.

2 | Third, Plaintiff's Complaint appears to appeal a state court judgment. For example, Plaintiff requests "[a] new trial" in "appellate case AP 17-002281." Compl. at 7; *see also id.* at 1 (including "petition for new trial" in caption of Complaint). Plaintiff's IFP Motion also stated that Plaintiff's Complaint raises claims presented in a prior lawsuit, *Lee v. Lee*, in "Calif. Appeals. Ct. Santa Clara Cty." IFP Mot. at 4. However, if Plaintiff's Complaint seeks appellate review of state court proceedings, this Court lacks jurisdiction over such a claim. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). For all of those reasons, the Court concluded that Plaintiff's Complaint is frivolous on its face. ECF No. 6 at 3.

Given Plaintiff's pro se status, the Court granted Plaintiff leave to amend her Complaint. *Id.*; *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2003) (en banc) ("[T]he rule favoring liberality in amendments is particularly important for the pro se litigant."). The Court also directed Plaintiff to the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. ECF No. 6 at 3–4.

Since November 9, 2018, almost three months have elapsed since the Court's dismissal, but Plaintiff has yet to file an amended complaint. Nor has Plaintiff contacted the Federal Pro Se Program or made any other attempt to prosecute her lawsuit. The last filing on the docket for Plaintiff's case is the Court's November 9, 2018 order denying Plaintiff's IFP Motion and dismissing her Complaint with leave to amend. Plaintiff has also not attempted to serve Defendant Sessions. Therefore, the Court concludes that Plaintiff has failed to prosecute the case.

For all of the above reasons, the Court hereby DISMISSES Plaintiff's lawsuit with prejudice.

**IT IS SO ORDERED.**

Dated: February 1, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge